**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISMAILA GUEYE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H & S BAKERY, INC., NORTHEAST FOODS, INC. d/b/a AUTOMATIC ROLLS OF NEW JERSEY, and CHARLES COLLI,<br><br>　　　　　Defendants. | Civil Action No. 22-2612<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

     Plaintiff Ismaila Gueye alleges, among other things, that he was wrongfully terminated by Defendants because of his age and an alleged disability. Currently pending before the Court is Defendants' partial motion to dismiss, which seeks to dismiss the claims asserted against Defendant H & S Bakery, Inc. ("H & S") and Plaintiff's hostile work environment claims pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 4. Plaintiff filed a brief in opposition, D.E. 10, to which Defendants replied, D.E. 11. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the following reasons, Defendants' motion is **GRANTED in part** and **DENIED in part**.

---

[1] The Court refers to Defendants' brief in support of their motion, D.E. 4-1, as "Defs. Br."; Plaintiff's opposition, D.E. 10, as "Plf. Opp."; and Defendants' reply, D.E. 11, as "Defs. Reply".

I. **BACKGROUND AND PROCEDURAL HISTORY**[2]

Plaintiff alleges that he was an employee of Defendant Northeast Foods, Inc. ("Northeast") and that Northeast is part of H & S. Compl. ¶¶ 1, 3, 9. Plaintiff contends Defendant Charles Colli harassed him, and that Defendants ultimately terminated Plaintiff because of his age and/or a perceived disability in violation of the New Jersey Law Against Discrimination ("LAD"). *Id.* ¶ 34. Colli was Plaintiff's supervisor. *Id.* ¶ 4. Additional relevant facts are discussed in the Analysis section below.

Plaintiff initially filed his Complaint in the Superior Court of New Jersey, asserting five claims against Defendants pursuant to LAD, N.J. Stat. Ann. § 10:5-1, *et seq*. D.E. 1-3. Northeast removed the matter on May 3, 2022, based on diversity jurisdiction, D.E. 1, and on May 9, 2022, Northeast, H & S, and Colli filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 4.

II. **MOTION TO DISMISS STANDARD**

Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir.

---

[2] The factual background is taken from Plaintiff's Complaint ("Compl."). ECF 1-3. When reviewing a Rule 12(b)(6) motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

**III.     ANALYSIS**

**1.  Claims against H & S Bakery, Inc.**

Defendants contend that the Complaint should be dismissed as to H & S because Plaintiff does not allege that he was an H & S employee. Defs. Br. at 3. "The LAD was intended to prohibit discrimination in the context of an employer/employee relationship." *Norris v. Securitas Sec. Servs. USA, Inc.*, No. 10-06809, 2011 WL 3206484, at *3 (D.N.J. July 27, 2011) (quoting *Pukowsky v. Caruso*, 711 A.2d 398, 405 (N.J. App. Div. 1998)). Consequently, "the lack of an employment relationship between the plaintiff and the defendant will preclude liability." *Thomas v. County of Camden*, 902 A.2d 327, 334 (N.J. App. Div. 2006). Gueye counters that H & S and Northeast are a single employer, such that H & S can be liable under the "single integrated enterprise test." Plf. Opp. at 4-7.

Two entities may be considered a single employer under the "integrated enterprise" theory. *Plaso v. IJKG, LLC*, 553 F. App'x 199, 206 (3d Cir. 2014). Whether two entities are an integrated enterprise "rests on the degree of operational entanglement—whether operations of the companies are so united that nominal employees of one company are treated interchangeably with those of another." *Id.* (citing *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 87 (3d Cir. 2003)); *see also Lloyd-Bragg v. Axis Ins. Co.*, No. 20-8559, 2021 WL 2010580, at *2 (D.N.J. May 20, 2021) (applying integrated enterprise test to LAD claims). The Third Circuit has explained that the

3

following are "relevant operational factors" to consider: "(1) the unity of ownership, management, and business functions; (2) whether the entities present themselves as a single entity to third parties; (3) whether the parent company indemnifies the expenses or losses of its subsidiary; and (4) whether one entity does business exclusively with the other." *Plaso*, 553 F. App'x at 206. Of these factors, "no single factor is dispositive; rather, single employer status under this test 'ultimately depends on all the circumstances of the case.'" *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 485-86 (3d Cir. 2001) (quoting *NLRB v. Browning-Ferris Indus. of Pa., Inc.*, 691 F.2d 1117, 1122 (3d Cir. 1982)).

Here, Gueye provides information in his opposition brief to support his assertion that Northeast and H & S are a single enterprise. Plf. Opp. at 5-7. But this information does not appear in the Complaint. Instead, Plaintiff merely pleads that Northeast "is part of H & S Bakery, Inc." Compl. ¶ 3. Defendants correctly argue that "on a [Rule] 12(b)(6) motion, the Court may only consider the allegations set forth in the plaintiff's complaint, and a plaintiff is precluded from asserting new allegations in its opposition papers or its evidentiary materials." Defs. Reply at 2 (quoting *State Cap. Title & Abstract Co. v. Pappas Bus. Servs., LLC*, 646 F. Supp. 2d 668, 676-77 (D.N.J. 2009)). Thus, the Court will not consider the additional factual allegations raised in Plaintiff's opposition brief. And Plaintiff's sole statement that Northeast is part of H & S is insufficient to adequately plead that Northeast and H & S are an integrated enterprise. Plaintiff, therefore, fails to establish an employment relationship between himself and H & S. Defendants' motion is granted on these grounds, and H & S is dismissed as a Defendant in this matter.

    **2. Hostile Work Environment Claims**

Next, Defendants argue that Plaintiff's hostile work environment claims must be dismissed because Plaintiff's factual allegations are lacking. Defs. Br. at 4-7. In Count One, Plaintiff asserts

a hostile work environment claim based on his age, Compl. ¶¶ 35-40, and in Count Three, Plaintiff asserts a hostile work environment claim based on an alleged disability, *id.* ¶ 45-50. As to his age-based claim, Plaintiff alleges that he was in his late fifties during the events at issue. *Id.* ¶ 36. As to his disability hostile claim, Plaintiff alleges that he was disabled or perceived to be disabled because he suffered from vertigo. *Id.* ¶ 46.

To state a hostile work environment claim, a plaintiff must allege facts establishing conduct that a reasonable person would consider "sufficiently severe or pervasive to alter the conditions of employment and create an intimidating, hostile, or offensive working environment." *Schiavo v. Marina Dist. Dev. Co., LLC*, 123 A.3d 272, 284 (N.J. Super. Ct. App. Div. 2015) (quoting *Lehmann v. Toys 'R' Us, Inc.*, 626 A.2d 445, 453 (N.J. 1993)). A plaintiff must also plead that the conduct would not have occurred but for his protected status. *Id.*

Hostile work environment claims are evaluated "in light of all the circumstances." *Rios v. Meda Pharm., Inc.*, 252 A.3d 982, 987 (N.J. 2021) (internal quotation omitted). When assessing the sufficiency of a hostile work environment claim, "[c]ourts must consider the frequency or severity of the conduct, whether the conduct was physically threatening or humiliating, or merely an offensive utterance and whether the conduct unreasonably interfered with plaintiff's work performance." *Rich v. State*, 294 F. Supp. 3d 266, 281 (D.N.J. 2018) (quoting *Jackson v. Gannett Co.*, No. 08-6403, 2011 WL 3362154, at *5 (D.N.J. Aug. 3, 2011)). Thus, pervasive conduct may be established through "numerous incidents that, if considered individually, would be insufficiently severe to state a claim, but considered together are sufficiently pervasive to make the work environment intimidating or hostile." *Lehmann*, 626 A.2d at 455. Finally, "the LAD is remedial legislation that should be liberally construed to advance its purposes." *Rios*, 252 A.3d at 987. It is, however, "not intended to be a general civility code for conduct in the workplace . . . .

5

Thus, simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Mandel v. UBS/PaineWebber, Inc.*, 860 A.2d 945, 955 (N.J. Super. Ct. App. Div. 2004) (quoting *Heitzman v. Monmouth County*, 728 A.2d 297, 304 (N.J. Super. Ct. App. Div. 1999)) (internal quotations omitted).

Defendants maintain that "random comments over an eight-month period, none of which the Plaintiff actually witnessed, are not severe or pervasive." Defs. Br. at 5. Defendants also argue that Plaintiff fails to state any facts that suggest there was a hostile work environment based on Plaintiff's perceived disability. *Id.* at 6-7. The Court disagrees. Defendants improperly view Plaintiff's allegations as isolated incidents. Again, a plaintiff's allegations must be viewed as a whole. Accordingly, "courts must consider the cumulative effect of the various incidents, bearing in mind 'that each successive episode has its predecessors, that the impact of the separate incidents may accumulate, and that the work environment created may exceed the sum of the individual episodes.'" *Rios*, 252 A.3d at 987 (quoting *Lehmann*, 626 A.2d at 453).

Here, Plaintiff, a plant superintendent, alleges that he was forced to take approximately one week of medical leave in December 2020 after he was hospitalized for vertigo. Compl. ¶¶ 11, 16. When he returned to work, Plaintiff alleges that Colli's attitude towards him became "very cold and negative," and he stopped communicating with Plaintiff. *Id.* ¶ 17. Further, Colli began making age-based comments about Plaintiff to other employees, stating that "it was time for [Plaintiff] to retire." *Id.* ¶ 18.

Colli was promoted to Vice President in April 2021. Around this time, Colli took away some of Plaintiff's responsibilities, gave some of the responsibilities to a younger employee, cut Plaintiff out of the line of communication, and made "detrimental changes" to Plaintiff's work

schedule. *Id.* ¶¶ 19-21.  Plaintiff further alleges that Colli continued to make comments to other employees about Plaintiff's age and that Plaintiff would retire soon.  *Id.* ¶ 23.

Plaintiff took a second medical leave for vertigo from August 9, 2021, to August 16, 2021. *Id.* ¶ 25.  After his return to work, Plaintiff was allegedly forced to fill in for absent supervisors causing him to cover multiple shifts at different times, sometimes working for sixteen straight hours. *Id.* ¶ 26.  At the end of the month, Plaintiff requested that Colli hire a supervisor so that Plaintiff could return to his duties as Plant Superintendent.  Colli allegedly became irate and told Plaintiff that he was "tired of his excuses." *Id.* ¶ 27.  Moreover, other employees continued to tell Plaintiff that Colli was telling them that Plaintiff was old, "on his way out," and "not good for this job anymore." *Id.* ¶ 28.  On Monday, December 6, 2021, Colli allegedly stated to Plaintiff words to the effect of "this past summer you went out on sick leave and the place went to sh**," then terminated Plaintiff. *Id.* ¶ 30.  The same day, Colli promoted a younger employee to replace Plaintiff. *Id.* ¶ 31.

Viewing Plaintiff's allegations in a light most favorable to Plaintiff, and as a whole, Plaintiff's allegations are sufficient to state a plausible hostile work environment claim based on his age and alleged disability.  Although Plaintiff does not allege egregious comments or statements, his allegations demonstrate growing frustration from a supervisor based on Plaintiff's age and/or absence from work that allegedly impacted Plaintiff's hours and responsibilities.  This is sufficient to plausibly plead hostile work environment claims. *See Hayes v. Del. State. Univ.*, 726 F. Supp.2d 441, 455 (D. Del. 2010) (concluding that plaintiff stated a Title VII hostile work environment claim[3] where although there were no allegations of "direct comments about the

---

[3] "Analysis of claims made pursuant to the NJLAD generally follow the analysis used in Title VII employment discrimination claims." *Carroll v. Sunrise Detox Cherry Hill, LLC*, No. 19-17287,

capacity of women employees or . . . off-color jokes, plaintiff sufficiently paints a picture of a pervasive atmosphere of 'discriminatory intimidation' towards women, particularly with respect to" among other things "the continual lessening of plaintiff's duties, and the allegedly hostile and abusive attitude of [plaintiff's supervisor]."); *see also Carroll v. Sunrise Detox Cherry Hill, LLC*, No. 19-17287, 2020 WL 4218409, at *8-9 (D.N.J. July 22, 2020) (concluding that the plaintiff stated a plausible hostile work environment claim under the LAD where the plaintiff's supervisor told her she needed to come back to work while on medical leave, made her feel guilty for taking leave, refused to accommodate her medical condition and wrote her up for related tardiness, and the plaintiff was ultimately terminated after discussing her need for accommodations).

Finally, Defendants argue that Plaintiff cannot state a hostile work environment claim because the alleged wrongful comments were not physically threatening or humiliating. Defs. Br. at 5. While such comments can form a basis for a hostile work environment claim, they are not required. *Rios*, 252 A.3d at 987 ("Any such claims must be evaluated in light of '*all the circumstances, including* the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" (quoting *Cutler v. Dorn*, 955 A.2d 917, 925 (N.J. 2008)) (emphasis added). Plaintiff alleges sufficient facts, when viewed as a whole, to plead hostile work environment claims. Accordingly, the Court will not dismiss Plaintiff's hostile work environment claims on these grounds.

### IV.     CONCLUSION

For the reasons set forth above, and for good cause shown,

---

2020 WL 4218409, at *8-9 (D.N.J. July 22, 2020) (citing *Schurr v. Resorts Int'l Hotel, Inc.*, 196 F.3d 486, 498 (3d Cir. 1999)).

8

**IT IS** on this 15th day of July, 2022,

**ORDERED** that Defendants' motion to dismiss (D.E. 4) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Defendants' motion is **GRANTED** as to Defendant H & S Bakery, Inc. and the claims against this Defendant are **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff is granted leave to file an amended pleading that remedies the identified deficiencies.  Plaintiff's amended pleading must be filed within thirty (30) days of the date of this Opinion & Order.  If Plaintiff fails to file an appropriate amended pleading within this time, the claims will be dismissed with prejudice as to H & S Bakery, Inc.; and it is further

**ORDERED** that Defendants' motion is otherwise **DENIED**.

_____
John Michael Vazquez, U.S.D.J.